UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR WILSON,
    Plaintiff,

Case. No. 1:19-cv-872
McFarland, J.
Litkovitz, M.J.

vs.

CC HOLDINGS RESTAURANT GROUP,
    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff Victor Wilson brings this race discrimination and retaliation action against defendant CC Restaurant Holdings Group under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Doc. 1). This matter is before the Court on defendant's motion to dismiss (Doc. 3), plaintiff's response in opposition (Doc. 5), and defendant's reply memorandum (Doc. 6).[1]

**I. Facts**

Plaintiff, an African American male proceeding pro se, alleges the following facts in his complaint:

I.     On or about the day of February 15, 2019 Plaintiff[ ] Victor D. Wilson ("Mr. Wilson") as an employee of the Defendant ("CC Holdings") made a verbal complaint to the Defendants ("CC Holdings") General Manager ("Chaz") about the work environment. ("Mr. Wilson") went to ("Chaz") one on one and stated to him, that I didn't appreciate doing all the work, while the assistant store manager ("Ms. Denise") and the shift leader (Ms. Angie) were standing around watching me. After making that statement ("Chaz") Fired me stating that I was causing trouble.

II.     Management is responsible for these actions.

III.     I believe that I have been discriminated against because of my race in violation of Title VII of the Civil Rights Act of 1964 as amended, and retaliated against for

---

[1] Plaintiff has also filed a supplemental memorandum in response to defendant's reply memorandum. (Doc. 7). The Court notes that plaintiff's supplemental memorandum was filed in violation of S.D. Ohio Civil Rule 7.2(a)(2) because plaintiff neither sought leave of court nor showed good cause for the filing of his supplemental memorandum in response to defendant's reply. However, given plaintiff's pro se status, the Court has reviewed the supplemental memorandum and determines that it does not change this decision.

> complaining. I believe that if a Caucasian made similar complaints the allegation would have been looked into and they would not have been fired.

(Doc. 2 at 2).

## II. Motion to Dismiss (Doc. 3)

### A. Standard

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court must hold pro se pleadings to less stringent standards than those prepared by attorneys and must liberally construe them when determining whether they fail to state a claim. *See, e.g.*, *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). However, the Sixth Circuit has recognized that the Supreme Court's liberal construction case law has not had the effect of "abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### B. Resolution

Defendant moves to dismiss plaintiff's complaint in its entirety for two reasons. First, defendant argues that plaintiff's complaint fails to allege sufficient facts to state a plausible race

2

discrimination claim under Title VII. (Doc. 3 at 2-3). Second, defendant argues that plaintiff's complaint should be dismissed for failure to exhaust his administrative remedies because plaintiff has not alleged that he pursued any administrative remedy with either the Equal Employment Opportunity Commission ("EEOC") or a similar state agency prior to filing suit. (*Id.* at 3-4).

In response, plaintiff attaches a charge of race discrimination dually filed with the Ohio Civil Rights Commission and the EEOC on July 29, 2019 and a notice of right to sue letter issued on August 8, 2019. (Doc. 5 at 3-8). In its reply brief, defendant no longer contests that plaintiff has failed to exhaust his administrative remedies prior to filing suit. (*See* Doc. 6). Based on this record, it is apparent that plaintiff has exhausted his administrative remedies prior to filing suit and that defendant's argument for dismissal on this basis is now moot.[2] The Court is now left with determining whether plaintiff's complaint states a plausible claim for relief for race discrimination and retaliation under Title VII.

Defendant argues that plaintiff's complaint is devoid of factual details that would satisfy a prima facie case of race discrimination. While defendant recognizes that plaintiff is not required to provide "formulaic recitations" of the elements of a race discrimination claim at this stage of the proceedings, defendant argues that plaintiff's complaint fails to allege any facts supporting the conclusion that he was qualified for the position he held, that he was replaced by someone outside his protected class, or that he was treated differently than similarly-situated employees outside of his protected class. (Doc. 6 at 2-3).

---

[2] The Court notes that defendant is mistaken in arguing that plaintiff was required to plead exhaustion in his complaint. A plaintiff bringing an employment discrimination claim is generally not required to plead exhaustion of administrative remedies. "Failure to exhaust administrative remedies in a timely manner is an affirmative defense, and the defendant bears the burden of pleading and proving this failure." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008).

At the pleading stage, plaintiff need not allege all of the elements of a prima facie case of discrimination under the *McDonnell Douglas* framework to state a claim for relief. "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). Thus, plaintiff is not required to allege facts to establish a prima facie case under the *McDonnell Douglas* framework at the pleading stage to state a claim for relief for employment discrimination. *Id*. *See also Keys v. Humana, Inc.*, 684 F. 3d 605 (6th Cir. 2012). At this early stage in the proceedings, the Court need only consider whether plaintiff's complaint sufficiently states a plausible claim for relief for purposes of Rule 12(b)(6) and not whether plaintiff has made out a prima facie case of discrimination based on indirect evidence. "If a reasonable court can draw the necessary inference from the factual material stated in the complaint, the plausibility standard has been satisfied." *Keys*, 684 F.3d at 610. Nevertheless, a plaintiff "must allege 'sufficient factual' content from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that defendants discriminated against him because of his race. *Id*. (quoting *Iqbal*, 556 U.S. at 678-79).

Plaintiff's complaint fails to allege sufficient facts to state a plausible claim of race discrimination. The complaint fails to provide any connection between plaintiff's race and his termination. Plaintiff alleges that his termination was related to a singular event where he complained to Chaz, the General Manager, about the work environment and "doing all the work" while employees were "standing around." Aside from the conclusory statements that plaintiff believes he was discriminated against on the basis of his race and believes that a Caucasian employee would have been treated more favorably in that instance, the complaint contains insufficient supporting allegations for the Court to plausibly infer that plaintiff was discharged

4

on the basis of his race. Moreover, the complaint does not contain any specific facts showing that individuals outside of plaintiff's protected class were *actually* treated more favorably than plaintiff or that plaintiff was replaced by someone outside of his protected class. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (citing *Keys*, 684 F.3d at 610; *Iqbal*, 556 U.S. at 678) (noting that the inferences drawn by plaintiff were unsupported by the facts alleged in the complaint because while plaintiff alleged that he was treated less-favorably than employees outside of his protected class, he "offered no specifics regarding who those employees were or how they were treated differently"); *Howse v. Owens-Illinois, Inc*., 86 F. Supp. 3d 738, 743 (N.D. Ohio 2014) (plaintiff's allegation that similarly situated employees outside of his protected class were treated more favorably was "nothing but a legal conclusion unsupported by factual allegations"). Plaintiff's allegation that he "believes" Caucasian employees would have been treated differently when reporting complaints about the work environment is speculative and fails to create a plausible inference of discrimination. *Turner v. United Parcel Serv*., *Inc.,* No. 3:19-cv-00476, 2019 WL 5190992, at *4 (M.D. Tenn. Oct. 15, 2019) (noting that a plaintiff need not identify similarly situated employees in his complaint, but the need to establish a "plausible inference of discrimination" will "typically require at least *some degree of detail* regarding any comparator employees on which a plaintiff relies, in order for the court to evaluate whether an inference can be drawn") (emphasis added). Although plaintiff is not required to plead all of the elements of a prima facie Title VII race discrimination claim, *see Swierkiewicz*, 534 U.S. at 508, the allegations in his complaint simply lack sufficient factual detail to reasonably infer that defendant terminated plaintiff's employment on the basis of his race.

5

Finally, to the extent plaintiff's complaint alleges a claim of retaliation for making verbal complaints about the work environment and employees "standing around," these allegations fail to state a plausible claim for relief. Plaintiff has failed to allege that he was retaliated against because he opposed unlawful discrimination. *See* 42 U.S.C. § 2000e-3(a) (it is "an unlawful employment practice" for an employer to discriminate against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter[.]"). Accordingly, plaintiff's complaint should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

It is therefore **RECOMMENDED** that defendant's motion to dismiss (Doc. 3) be **GRANTED** and this case is **CLOSED** on the docket of this Court.

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VICTOR WILSON,  
    Plaintiff,

vs.

CC HOLDINGS RESTAURANT GROUP,  
    Defendant.

Case No. 1:19-cv-872  
McFarland, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).